IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOMINIQUE ENRIQUE,
    Petitioner,

vs.                                            Case No. 5:23cv124/TKW/MAL

WARDEN PISTRO,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Dominque Enrique initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in May of 2023. ECF No. 2. Enrique complained about changes in the PATTERN Risk scoring under the First Step Act, which, he claims, resulted in a denial of FSA credits and unequal treatment. He sought back-dating of FSA credits and asked to be excused from the administrative exhaustion process. The Warden responded in opposition, asserting both an exhaustion defense and that Petitioner's Equal Protection claim was without merit. ECF No. 10, 11. Enrique filed a reply on August 4, 2023. ECF No. 12.

By January of 2024, the undersigned ascertained that Enrique had been transferred to the supervision of the Residential Reentry Management Office in Miami, Florida, calling into question the continued viability of his petition. *See* https://www.bop.gov/inmateloc/. It was not clear from the BOP website whether

Enrique was on home confinement or in a Residential Reentry Center. The only address provided for RRM Miami on the BOP website is for <u>staff</u> mail. *See* https://www.bop.gov/locations/ccm/csa/. Enrique has never filed a notice of change of address with this Court, despite having been warned that failure to do so could result in a recommendation of dismissal of his case. *See* ECF No. 5 at 1-2.

On April 12, 2024, the Court issued an order directing Enrique to show cause why this case should not be dismissed either as moot or for Enrique's failure to keep the Court apprised of his current address. ECF No. 13. The show cause response was due by **May 13, 2024**. The Court directed the clerk to send a copy of the order to both Enrique's address of record and to Enrique care of RRM Miami, Residential Reentry Office, P.O. Box. 019118, Miami, FL 33101 (the address for staff mail provided on the BOP website). The order provided that failure to respond would result in a recommendation of dismissal of the case. Neither order was returned as undeliverable, and Enrique still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern

District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Enrique failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Enrique's petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on June 4, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.